# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

AMERICAN GUARANTEE and LIABILITY )
INSURANCE COMPANY, )
           )
   Plaintiff, )
           )
vs. )  Case No.
           )
NORFOLK SOUTHERN RAILWAY COMPANY, )
NORFOLK SOUTHERN CORPORATION, )
EAST COAST RIGHT OF WAY )
MAINTENANCE, INC., AND THE )
CINCINNATI SPECIALTY UNDERWRITERS )
INSURANCE COMPANY, )
           )
   Defendants. )

_____

## COMPLAINT FOR DECLARATORY JUDGMENT
_____

Plaintiff American Guarantee and Liability Insurance Company ("American Guarantee"), and for its complaint against Norfolk Southern Railway Company, Norfolk Southern Corporation (collectively "Norfolk Southern"); East Coast Right Of Way Maintenance, Inc. ("East Coast"); and The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati") alleges as follows:

### I. Introduction

1.  This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between and among American Guarantee, Norfolk Southern, East Coast and Cincinnati arising out of certain insurance policies issued by American Guarantee to East Coast and by Cincinnati to East Coast. Norfolk Southern has made a claim that it is entitled to indemnity as an additional insured under the policies issued to East Coast. East Coast was never sued in the Underlying Litigation, and no fault was ever

established against them.  In this action, American Guarantee seeks a declaration that it has no obligation to indemnify Norfolk Southern for Norfolk Southern's own negligence in connection with the Underlying Litigation in which the plaintiffs alleged that Norfolk Southern alone was liable for injuries and death.

## II. The Parties

2.      Plaintiff American Guarantee is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York  10006, and its principal place of business located at 1400 American Lane, Schaumburg, Illinois  60196.  American Guarantee is authorized to transact business and has transacted business in Tennessee.

3.      Defendants Norfolk Southern Railway Company and Norfolk Southern Corporation are Virginia corporations with their principal place of business in Virginia.

4.      East Coast is a Florida corporation with its principal place of business located at 717 Kevin Lane, Lenoir City, Tennessee 37772.

5.      Cincinnati is an Ohio corporation with its principal place of business located at 6200 S. Gilmore Road, Fairfield, OH 45014-5141.

## III. Jurisdiction and Venue

6.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C.  §  1332.   Complete diversity exists between American Guarantee and all of the defendants.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      This Court has personal jurisdiction over all of the defendants.

8.      Norfolk Southern Railway Company and Norfolk Southern Corporation may be served with process through its designated registered agent:  CT Corporation Systems, 800 South Gay Street, Suite 2021, Knoxville, TN  37929.

9.     East Coast may be served with process through its designated registered agent Archie Hopkins, 717 Kevin Lane, Lenoir City, TN 37772-2503.

10.    Cincinnati may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, attn: Service of Process; 500 James Robertson Parkway, Nashville, TN 37243-1131, pursuant to T.C.A. § 56-2-103.

11.    Venue is proper in the Eastern District of Tennessee which is where the accident described below took place, and which is the judicial district in which East Coast has its principal place of business and is the named insured under both insurance policies, pursuant to 28 U.S.C. §§ 1391(a) and (c).

12.    This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists among American Guarantee, Norfolk Southern, East Coast, and Cincinnati, involving the scope and extent of American Guarantee's and Cincinnati's obligations to indemnify Norfolk Southern in connection with the claims asserted against Norfolk Southern in the Underlying Litigation.

## IV. Facts

13.    On May 30, 2014, the three Underlying Litigants were occupying a motor vehicle in Roane County, Tennessee, when it collided with a train owned and operated by Norfolk Southern.

14.    Two of the Underlying Litigants sustained personal injuries and one of the Underlying Litigants was killed.

15.    On January 9, 2015, a lawsuit was filed by the Underlying Litigants in the Circuit Court for Roane County, Tennessee, bearing docket number 15-CV-5.

16.    The named defendants in the Underlying Litigation were Norfolk Southern Railway Company, Norfolk Southern Corporation, and three of its employees.  A copy of the Underlying Complaint is attached as Exhibit 1.

3

17.     East Coast was never sued by the Underlying Litigants, nor was it ever added as a third party defendant.  No judgment or finding of fault was ever made against East Coast.

18.     Norfolk Southern did not timely demand a defense from Cincinnati or American Guarantee in the Underlying Litigation.

19.     Norfolk Southern and East Coast did not give timely notice of the occurrence to Cincinnati or American Guarantee as required by the policies.

20.     Norfolk Southern and East Coast did not give timely notice of the Underlying Lawsuit or timely notice of a mediation until shortly before a scheduled mediation in November of 2015.

21.     Norfolk settled each of the three underlying claims at mediation.  These settlement amounts were confidential but were substantially in excess of $75,000.00, exclusive of interest and costs.

22.     Norfolk Southern has demanded Cincinnati and American Guarantee indemnify Norfolk Southern for its own negligence as an additional insured under the policies.  Norfolk Southern also demanded that Cincinnati and American Guarantee indemnify Norfolk Southern in full within sixty (60) days of December 22, 2015.  Upon information and belief, Norfolk Southern granted Cincinnati a thirty day extension of that time-frame.  American Guarantee responded by investigating the matter under a full reservation of rights.  That reservation of rights is reiterated herein.

23.     Norfolk Southern has not provided its full investigation and documentation in the Underlying Litigation.  Norfolk Southern has also not provided the full basis of three settlements with the Underlying Plaintiffs.  Norfolk Southern has also refused to provide American Guarantee with a copy of its insurance policies.

## V. The Contract

24.     East Coast and Norfolk Southern entered into a Vegetation Control Agreement ("Agreement"), dated January 1, 2014, in which East Coast agreed to provide certain vegetation control at specified locations of Norfolk Southern.  A copy of the Agreement is attached as Exhibit 2.

25.     The Agreement contains the following Indemnification provision:

### 5.1. Indemnification

Contractor shall indemnify and hold harmless the Indemnified Parties from and against any and all liability, damages, claims, suits, judgments, costs and expenses (including, but not limited to, litigation costs, investigation costs, reasonable attorney fees, environmental clean-up costs and, in the case of sub-section (b) below, royalties), fines, penalties and losses arising from or in connection with:

(**a**)(**i**) any alleged loss of life of or personal injury to the officers, employees or agents of Contractor or damage to or loss of the property of Contractor, its officers, employees or agents, arising from, incident to or occurring in connection with the performance by Contractor of this Contract or the presence of the officers, employees or agents of Contractor on the property of Railway, unless such loss of life, personal injury, or property loss or damage was caused solely by the negligence of  Railway; provided, however, that if, under the law applicable to enforcement of this Contract, an agreement to indemnify against the indemnified party's own negligence is invalid, then in that event Contractor's obligation to indemnify the Indemnified Parties under this Section shall be reduced in proportion to the negligence of Railway, if any, that proximately contributed to such loss of life, personal injury or property loss or damage;

**(ii) except with respect to persons and property covered by subsection (a) (i) above, any alleged loss of life of or personal injury to any person or the loss of or damage to any property arising from, incident to or in connection with the negligent acts or omission or willful misconduct of Contractor; except to the extent that the property loss or damage or personal injury or death was caused by the negligence or intentional misconduct of Railway.** (emphasis added).

26.     The Agreement further provides:

### 5.2     Insurance

Contractor shall, at its sole cost and expense, obtain and maintain during the period of this Contract, in a form and with companies satisfactory to Railway, the following insurance coverages:

* * * *

**(c)** Commercial General Liability Insurance with a combined single limit of not less than Two Million Dollars ($2,000,000) per occurrence for injury to or death of persons and damage to or loss or destruction of property. Such policy shall be endorsed to provide products and completed operations coverage and contractual liability coverage for liability assumed under this Contract. The contractual liability coverage shall be of a form that does not deny coverage for operations conducted within fifty (50) feet of any railroad hazard. In addition, such policy or policies shall be endorsed to name Railway as an additional insured and shall include a severability of interests provision;

27. East Coast obtained a primary Commercial General Liability policy from Cincinnati, and a Commercial Umbrella Liability Policy from American Guarantee. A Certificate of Liability insurance form was provided to Norfolk Southern on or about April 21, 2014.

## VI.  The American Guarantee Policy

28. American Guarantee issued policy number AUC 6549003-04 to East Coast for the period of 07/21/2013 – 07/21/2014. A true and correct copy of the American Guarantee policy is attached as Exhibit 3.

29. The American Guarantee policy contains an Insuring Agreement, set forth in pertinent part as follows:

**SECTION I – COVERAGE**

**A.  Coverage A – Excess Follow Form Liability Insurance**

Under **Coverage A**, we will pay on behalf of the **insured** those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. With respect to **Coverage A**, this policy includes:

**1.**  The terms and conditions of **underlying insurance** to the extent such terms and conditions are not inconsistent or do not conflict with the terms and conditions referred to in Paragraph **2.** below; and

6

2. The terms and conditions that apply to **Coverage A** of this policy.

Notwithstanding anything to the contrary contained above, if **underlying insurance** does not apply to damages, for reasons other than exhaustion of applicable Limits of Insurance by payment of **loss**, then **Coverage A** does not apply to such damages.  Also, **Coverage A** does not apply to any form of **casualty business crisis expense** insurance even if such insurance is afforded under **underlying insurance** or would have been afforded except for the exhaustion of the Limits of Insurance of **underlying insurance**.

\* \* \* \*

The amount we will pay for **loss** under **Coverage A** or **Coverage B** is limited as described in **SECTION II LIMITS OF INSURANCE.**

**We have no obligation under Coverage A and/or Coverage B with respect to any settlement made without our consent.** (emphasis added)

The **underlying insurance** referred to in the foregoing policy provision is the policy of insurance issued by Cincinnati Specialty Underwriters Insurance Company referenced herein.

30. The American Guarantee policy sets forth the duties in the event of an occurrence, offense, claim or suit:

**SECTION VI. CONDITIONS**

\* \* \* \*

B. The following Condition is applicable to **Coverage A** and **Coverage B**:

1. **Notice of Occurrence, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an **occurrence** which may result in damages covered by this policy.

To the extent possible, notice will include:

(1) How, when and where the **occurrence** took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the **occurrence**.

* * * *

**c.** If a claim or **suit** against any **Insured** is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

**d.** You and any other involved **insured** must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation, settlement or defense of the claim or **suit**; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **insured** because of injury or damage to which this insurance may also apply.

**e.** **The insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.** (emphasis added)

## VII. The Cincinnati Policy

31. The Cincinnati policy contains the following exclusion:

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

**A.** The following exclusion is added to Paragraph **2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

**2.** **Exclusions**

This insurance does not apply to:

Any claim of indemnification for punitive or exemplary damages. If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action. However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages. If state law provides for statutory

8

multiple damage awards, we will pay only the amount of the award before the multiplier is added.

32.    The Cincinnati policy contains the following endorsement:

### AMENDMENT OF DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT CONDITION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to Paragraph 2., **Duties In The Event Of Occurrence, Offense, Claim Or Suit** of **Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS:**

**e.     No insured will admit to any liability, consent to any judgment, or settle any claim or "suit" without our prior written consent.** (emphasis added)

33.    The Cincinnati policy contains the following endorsement:

### ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU OPERATIONS AND COMPLETED OPERATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.    **Section II – Who is an Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy, but only with respect to "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   **1.**    Your acts or omissions in the performance of your ongoing operations for the additional insured;

   **2.**    The acts or omissions of those acting on your behalf in the performance of your ongoing operations for the additional insured; or

   **3.**    "Your work" performed for the additional insured and included in the "products-completed operations hazard.

* * * *

C.      With respect to the insurance afforded to these additional insureds, **SECTION III – LIMITS OF INSURANCE** is amended to include:

     The limits applicable to the additional insured are those specified in the written contract or agreement or in the Declarations of this Coverage Part, whichever is less. If no limits are specified in the written contract or agreement, the limits applicable to the additional insured are those specified in the Declarations of this Coverage Part. The limits of insurance are inclusive of and not in addition to the limits of insurance shown in the Declarations.

D.      With respect to the insurance afforded to these additional insureds, **Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 4. Other Insurance** is amended to include:

     Any coverage provided herein will be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless you have agreed in a written contract or written agreement executed prior to any loss that this insurance will be primary. This insurance will be noncontributory only if you have so agreed in a written contract or written agreement executed prior to any loss and this coverage is determined to be primary.

A copy of the Cincinnati policy is attached hereto as Exhibit 4.

**VIII. Cause Of Action**
**(Declaratory Relief)**

34.      American Guarantee hereby incorporates by reference all allegations contained in paragraphs 1 – 33 above as if fully set forth herein.

35.      American Guarantee does not have any obligation to defend or indemnify Norfolk Southern for the damages, losses, claims, costs or expenses arising out of or related to the claim asserted in the Underlying Lawsuit on numerous grounds, including but not limited to:

a.      The American Guarantee policy provides no duty to defend because the applicable limit of underlying insurance has not been exhausted by payment of loss;

b.      The indemnity provision of the Vegetation Agreement does not express an intention that Norfolk Southern be indemnified for its own negligence; to the contrary,

10

Norfolk Southern specifically agreed in the Vegetation Agreement to be responsible for its own "negligence or intentional conduct";

c.　　Norfolk Southern purposefully failed to provide notice of the occurrence to Cincinnati and American Guarantee after the incident on May 30, 2014;

d.　　American Guarantee suffered prejudice by the failure of Norfolk Southern to provide timely notices as required by the policies;

e.　　Norfolk Southern purposefully failed to immediately send American Guarantee copies of the suit papers and all settlement demands in violation of the policies;

f.　　Norfolk Southern settled the underlying litigation without proper notice to American Guarantee and without obtaining Cincinnati's and American Guarantee's written consent in violation of the policies;

g.　　Norfolk Southern's settlement of the three underlying claims was unreasonable.

h.　　Norfolk Southern's settlement of the three underlying claims included the payment of punitive or exemplary damages, which is excluded under the policies;

i.　　The American Guarantee policy does not provide coverage to an additional insured for its own negligence;

j.　　East Coast was never sued in the underlying litigation and no finding of fault has ever been made as to East Coast;

k.　　Cincinnati has not paid its limits of liability to Norfolk Southern, and no obligation under the American Guarantee policy is triggered until all underlying coverages have been exhausted;

l.　　The Vegetation Agreement between East Coast and Norfolk Southern requires East Coast to obtain Two Million Dollars in coverage and therefore even if American Guarantee has any liability to Norfolk Southern (which American Guarantee denies), such

liability is limited to a total of Two Million Dollars, less all underlying coverages and other insurance.

m.     American Guarantee's coverage, to the extent it exists for Norfolk Southern for the Underlying Accident, is excess to all other applicable coverages, including not only any coverage that might be afforded by Cincinnati and any other insurance that Norfolk Southern has or had available to it for the Underlying Litigation.

36.     In the alternative, to the extent American Guarantee is held to have any obligation to indemnify Norfolk Southern or East Coast, American Guarantee seeks a declaration and determination of the respective rights and obligations of all of the parties hereto.

WHEREFORE, American Guarantee demands judgment as follows:

(a)     For a declaration that American Guarantee has no duty to indemnify or reimburse Norfolk Southern or otherwise pay for the damages, losses, claims, costs, or expenses arising out of the claims asserted against Norfolk Southern in the Underlying Litigation, including those damages which were due to the "negligence or intentional conduct" of Norfolk Southern.

(b)     For such other and further relief as this Court may deem just and appropriate.

Respectfully submitted:

**Howard, Tate, Sowell, Wilson, Leathers & Johnson, PLLC**

s/William H. Tate_____
William H. Tate, Esq. (No. 006797)
Alan M. Sowell, Esq., (No. 11690)
201 Fourth Avenue North, Suite 1900
Nashville, Tennessee 37219
(615) 256-1125
whtate@howardtatelaw.com
asowell@howardtatelaw.com
*Attorneys for American Guarantee*